NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID WRIGHT, | |
| Plaintiff, | |
| | Civil Action No. 06-3832 (GEB) |
| v. | |
| | **MEMORANDUM OPINION** |
| CITY OF TRENTON, | |
| Defendant. | |

### BROWN, Chief Judge

This matter comes before the Court upon the Motion to Dismiss of Defendant City of Trenton (the "City" or "Defendant"). The Court has reviewed all materials submitted by the parties, and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's motion.

### DISCUSSION

Plaintiff David Wright ("Wright" or "Plaintiff") filed a complaint (the "Complaint") in this Court on August 9, 2006. The allegations in the Complaint read, in their entirety, as follows:

> Plaintiff David Wright, residing at 416 Walnut Avenue, Trenton, New Jersey by way of a complaint says:
>
> 1. Jurisdiction arises under Title VII of the Civil Rights Act as amended for employment discrimination 42 U.S.C. § 2000 E(5)(g). Jurisdiction is also proper under the Americans with Disabilities Act. Title 1 42 U.S.C. § 12111 et. [sic] seq. Jurisdiction is also made pursuant to 28 U.S.C. §§ 1331, 1343, and § 1981 et.seq. [sic]
>
> 2. At all times relevant to this cause of action [P]laintiff was employed by the [D]efendant working in the City of Trenton

>Fire Department
>
>3. Defendants discriminated against the [P]laintiff because of his race and disability.  This discrimination consisted of at least the following.
>
>(a) Entering into an agreement in bad faith not intending to be bound by same.
>(b) Fabricating medical findings to prevent plaintiff's return to employment.
>(c) Taking unjust disciplinary action against the plaintiff to deprive him of his employment opportunities.
>(d) Using pretext to deprive him of his employment.
>(e) Creating a hostile work environment.
>(f) Improperly preventing plaintiff from working.
>
>4. As a result of the aforesaid discrimination plaintiff has lost income, has lost his job, and has sustained and will continue to sustain emotional harm and loss of future income.

Compl. ¶¶ 1-4.

Defendant filed a motion to dismiss Plaintiff's Complaint on July 24, 2007, arguing that it fails to state a claim under Title VII or the Americans with Disabilities Act ("ADA").  The Court agrees.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).[1]  A complaint will survive a

---

1      Plaintiff's contention that *Bell Atlantic* is only applicable to anti-trust matters is simply incorrect.  *See Victaulic Co. v. Tieman*, No. 07-2088, 2007 U.S. App. LEXIS 20077, at *15 (3d Cir. Aug. 23, 2007) (applying standard in contract matter); *Haspel v. State Farm Mut. Ins. Co.*, No. 06-3716, 2007 U.S. App. LEXIS 17074 (3d Cir. July 16, 2007) (applying *Twombly* standard in insurance case); *CBS Outdoor, Inc. v. N.J. Transit Corp.*, No. 06-2428, 2007 U.S. Dist. LEXIS

motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus*., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

      The Court notes as a threshold matter that Plaintiff's Complaint does, as Defendant suggests, seem to assert claims of discrimination under Title VII of the Civil Rights Act of 1964 and the ADA. "Title VII makes it unlawful for an employer 'to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin.'" *Davis v. City of Newark*, No. 04-5317, 2006 U.S. Dist. LEXIS 63308, at *17 (D.N.J. Aug. 31, 2006), *quoting* 42 U.S.C. § 2000e-2(a)(1). To set forth a prima facie case of discrimination under Title VII, Plaintiff must allege that "1) []he belongs to a protected class; 2) []he was qualified for the

---

64155 (D.N.J. Aug. 30, 2007) (adopting standard in real-estate matter).

position; 3) []he suffered an adverse employment action; and 4) the adverse action occurred under circumstances that give rise to an inference of discrimination." *Davis*, at \*27, *citing Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981); *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).

Similarly, this Circuit has held that a plaintiff setting forth a prima facie case of discrimination on the basis of disability under the ADA must allege that "1) []he is a disabled person within the meaning of the ADA; 2) []he is otherwise qualified to perform the essential functions of the job; and 3) []he has suffered an otherwise adverse employment decision as a result of discrimination." *Jenkins v. Lakewood of Voorhees Assocs.*, No. 05-2603, 2007 U.S. Dist. LEXIS 47645, at \*13 (D.N.J. July 2, 2007), *citing Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

Plaintiff in the case at bar has failed to assert a prima facie case of discrimination under either Title VII or the ADA. Mr. Wright's Complaint does not allege that he was qualified for his position within the City of Trenton Fire Department. In addition, his allegations of disability go no further than "Defendants discriminated against the plaintiff because of his . . . disability." *See* Compl. ¶ 3. It remains unclear what Plaintiff contends his disability to be. The Complaint also fails to allege in anything but the vaguest terms the adverse employment decision to which he was allegedly subjected, and how that decision was the result of discrimination.[2] Even

---

2    Plaintiff claims to have received a right to sue letter dated July 14, 2006 from the Department of Justice. Pl. Opp'n at 1. The Court notes that this allegation is not included in the Complaint and in fact makes it first appearance in Plaintiff's opposition brief. That allegation cannot therefore be taken into consideration in assessing the merits of Defendant's Rule 12(b)(6) motion. *See Decibus v. N.J. State Dep't of Corr.*, No. 00-3261, 2001 U.S. Dist. LEXIS 25984, at \*4 (D.N.J. Feb. 13, 2001), *citing Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232, 233 (M.D. Fla. 1995) ("In deciding a motion to dismiss, the court can only examine the four corners of the

accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the Plaintiff, the Court finds that Mr. Wright has failed to set forth fair notice of what his claim is and the grounds upon which it rests.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion to dismiss and will deny Plaintiff's cross-motion.  An appropriate form of Order accompanies this Memorandum Opinion.[3]

Dated: September 17, 2007

                                                          s/ Garrett E. Brown, Jr.
                                                          GARRETT E. BROWN, JR., U.S.D.J.

---

complaint.").

[3]     Plaintiff argues that he is entitled to a judgment of default against Defendant on the grounds that Defendant has failed to comply with Judge Hughes' July 17, 2007 Order "directing . . . defendant to file an answer to the complaint within fourteen (14) days or on or before July 30, 2007." Pl. Opp'n at 2.  The Court notes as a threshold matter that Judge Hughes' Order only mandated the filing of a "responsive pleading" by that date.  *See* 7/17/07 Order. Defendant is entitled under Federal Rule of Civil Procedure 12(b) to file its motion to dismiss in lieu of an answer.  The motion to dismiss qualifies as a "responsive pleading" under the July 17, 2007 Order.  Accordingly, Plaintiff's motion for default is denied.